UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ASCENTIUM CAPITAL LLC, a Delaware limited liability company, | )<br>)<br>)<br>) Case No.: 22-cv-7559<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) **COMPLAINT** |
| FULL SPEED AUTO GROUP, INC., a New York corporation, IGOR DATIEV, individually, and MIRAIDA DATIEVA, individually, | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

Ascentium Capital LLC, by and through its undersigned attorneys, and for its Complaint against Full Speed Auto Group Inc., Igor Datiev, and Miraida Datieva, states as follows:

**PARTIES**

1. Plaintiff Ascentium Capital LLC ("Ascentium") is a Delaware limited liability company whose sole member is RF Ascentium, LLC. RF Ascentium, LLC is a Delaware limited liability company whose sole member is Regions Bank, an Alabama banking corporation having its principal place of business in Birmingham, Alabama. Thus, Ascentium is a citizen of the State of Alabama for purposes of diversity jurisdiction.

2. Defendant Full Speed Auto Group ("Full Speed Auto") is a New York corporation with its principal place of business at 39 Wolcott Avenue, Staten Island,

1

New York 10312. Thus, Full Speed Auto is a citizen of the State of New York for purposes of diversity jurisdiction.

3. Defendant Igor Datiev ("Mr. Datiev") is the President of Full Speed Auto and, upon information and belief, a citizen of New York residing in Staten Island, New York. Thus, Mr. Datiev is a citizen of the State of New York for purposes of diversity jurisdiction.

4. Upon information and belief, Defendant Miraida Datieva ("Ms. Datieva," together with Mr. Datiev, "Individual Defendants") is an officer of Full Speed Auto and a citizen of New York residing in Staten Island, New York. Thus, Ms. Datieva is a citizen of the State of New York for purposes of diversity jurisdiction.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over these claims under 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000.00, and there is diversity of citizenship between Ascentium and Defendants.

6. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to the claims set forth herein occurred in this District, the principal place of business of Defendant Full Speed Auto is within this District, and upon information and belief, Individual Defendants reside in the District.

# FACTUAL ALLEGATIONS

## EFA 2628197

### *Payment Obligations*

7. On or about September 24, 2021, Full Speed Auto entered into Equipment Finance Agreement No. 2628197 ("EFA 2628197") with Ascentium in order to finance the purchase by Full Speed Auto of an item of personal property, specifically a 2021 Dodge Ram 5500 with Century Wrecker Body, VIN #3C7WRNEL3MG662093 (the "Collateral"). A true and correct copy of EFA 2628197 is attached hereto as **Exhibit A** and incorporated by reference herein.

8. Pursuant to the terms of EFA 2628197, Full Speed Auto granted Ascentium a security interest in the Collateral.

9. Full Speed Auto agreed in EFA 2628197 to pay Ascentium $167,505.12 by way of 72 monthly payments, each in the amount of $2,326.46.

10. Upon any default, Full Speed Auto agreed that Ascentium may, among other options, "take possession of the Collateral and require [Full Speed Auto] to deliver it to [Ascentium] at [Full Speed Auto's] expense to a location designated by [Ascentium]" and/or "declare all sums due and to become due hereunder immediately due and payable, all future payments discounted at 3% as calculated by [Ascentium]." Exhibit A.

11. Under the Guaranty section of EFA 2628197, Individual Defendants unconditionally guaranteed to Ascentium the payment and performance when due of all obligations of Full Speed Auto under EFA 2628197 (the "Guaranty"). *See* Exhibit A ("You (jointly and severally if more than one) unconditionally guarantee to us and

3

our assigns the payment and performance when due of all of the obligations of the Debtors under this EFA and all related documents executed by the Debtor[.]").

### *Titling Addendum*

12. In the Titling Addendum to EFA 2628197, a true and correct copy of which is attached hereto as **Exhibit B** and incorporated by reference herein, Full Speed Auto agreed to complete the transfer of title for the Collateral by providing all documents required for the title transfer either (1) directly to the department of motor vehicles or (2) to a third party approved by Ascentium to act as a tag agency.

13. If Full Speed Auto elected the first option and was to complete the transfer directly, it agreed to send a copy of the White Slip or Title/Registration Receipt to Ascentium no later than 30 days from the Commencement Date of the Agreement and to deliver the original department of motor vehicles processed certificate of title ("Original Certificate of Title") to Ascentium no later than 75 days from the Commencement Date of EFA 2628197.

14. Full Speed Auto agreed that failure to provide Ascentium with the Original Certificate of Title no later than 75 days from the Commencement Date of the Agreement shall be "deemed a default under [EFA 2628197]." Exhibit B.

15. In the event of default, the Titling Addendum provided that title penalties of up to $750 per month per vehicle may be applied ("Title Penalties"). Exhibit B.

16. Under the Guaranty, Individual Defendants unconditionally guaranteed to Ascentium the performance of all obligations of Full Speed Auto under

EFA 2628197 and related documents executed by Full Speed Auto, including the Titling Addendum.  *See* Exhibit A.

### *Attorneys' Fees and Costs*

17.     Pursuant to the "Default and Remedies" section of EFA 2628197, Full Speed Auto agreed to pay Ascentium's reasonable attorneys' fees and actual costs incurred by Ascentium in enforcing its rights under EFA 2628197 and related agreements.  Such costs include:

    a. Fees and expenses incurred by Ascentium in enforcing EFA 2628197 and related agreements; and

    b. Costs and reasonable attorneys' fees, in an amount according to proof, including amounts paid to Maynard, Cooper & Gale, P.C. for instituting and prosecuting this action.

### DEFAULT UNDER EFA 2628197

### *Failure to Make Payments Under EFA 2628197*

18.     Ascentium performed all the conditions required to be performed by it under EFA 2628197, but Full Speed Auto defaulted under EFA 2628197 by failing to make payments owed thereunder as and when due.  Specifically, Full Speed Auto failed to make payments beginning with the payment due on June 25, 2022, which was a default under EFA 2628197.

19.     By letter dated November 11, 2022 (the "Demand Letter"), Ascentium notified Full Speed Auto and Individual Defendants of the default and resulting

acceleration of obligations under EFA 2628197. A true and correct copy of the Demand Letter is attached as **Exhibit C** and incorporated by reference herein.

20. In the Demand Letter, Ascentium demanded payment of the $140,456.52 balance remaining owed under EFA 2628197, plus accruing interest and fees, from Full Speed Auto and Individual Defendants pursuant to EFA 2628197 and the Guaranty, respectively.

21. Ascentium also demanded that Full Speed Auto (i) "[c]ease taking any action to sell, use, assign or dispose of the Collateral," (ii) "[i]mmediately deliver to Ascentium any proceeds of the Collateral" including any proceeds on deposit at a financial institution, and (iii) "[a]ssemble and surrender the Collateral to Ascentium at a time and place acceptable to Ascentium." Exhibit C.

22. Despite Ascentium's demand for payment from Defendants and for surrender of the Collateral and its proceeds, Defendants have failed and refused, and continue to fail and refuse, to pay the amounts owed under EFA 2628197 or surrender the Collateral and any proceeds.

23. As of November 11, 2022, the following amounts were due and owing to Ascentium from Full Speed Auto and Individual Defendants under EFA 2628197 (with accruing interest and charges, the "Indebtedness"):

  a. Past due monthly payments in the amount of $11,632.30;

  b. Accrued and accruing late charges in the amount of $930.60;

6

    c. Future accelerated monthly payments (discounted per EFA 2628197 using a present value discount rate of 3%) in the total amount of $127,323.62;

    d. Documentation charges of $295.00;

    e. Site inspection charges of $175.00; and

    f. Prefunding charges of $100.00.

### *Failure to Provide Original Certificate of Title Under the Titling Addendum*

24. Ascentium performed all the conditions required to be performed by it under the Titling Addendum.

25. However, Full Speed Auto defaulted under the Titling Addendum by failing to deliver the Original Certificate of Title to Ascentium no later than 75 days from the Commencement Date of EFA 2628197.

26. Under the Titling Addendum, failure to provide Ascentium with the Original Certificate of Title no later than 75 days from the Commencement Date of the Agreement shall be "deemed a default," and title penalties of up to $750 per month per Vehicle may apply." Exhibit B.

27. As of December 6, 2022, Full Speed Auto owed $9,000 in Title Penalties under the Titling Addendum for failure to provide the Original Certificate of Title.

## CAUSES OF ACTION

### COUNT I – BREACH OF CONTRACT
### (AGAINST FULL SPEED AUTO; INDEBTEDNESS)

28. Ascentium adopts and incorporates all preceding paragraphs as if fully set forth herein.

7

29. EFA 2628197 is a contract between Ascentium and Full Speed Auto.

30. Full Speed Auto agreed to make payments to Ascentium in EFA 2628197.

31. Full Speed Auto breached EFA 2628197 by failing to make those payments.

32. Default has occurred in the repayment by Full Speed Auto, the maturity of which has been accelerated, and the full amount of the Indebtedness is accordingly due and payable immediately.

33. In the Demand Letter, Ascentium made demand for payment of $140,456.52, plus accruing interest and charges.

34. Despite such written demand, Full Speed Auto has failed to pay Ascentium the full amount of the Indebtedness in accordance with its obligations under EFA 2628197.

35. Full Speed Auto is in default in the performance of, and has breached, its contractual obligations under EFA 2628197.

**WHEREFORE**, Ascentium demands judgment against Full Speed Auto for the full amount of the Indebtedness, as well as such other, further and different relief to which Ascentium may be entitled and is just and proper in this action.

### COUNT II – BREACH OF CONTRACT
### (AGAINST INDIVIDUAL DEFENDANTS; INDEBTEDNESS)

36. Ascentium adopts and incorporates all preceding paragraphs as if fully set forth herein.

37. The Guaranty is a contract between Ascentium and Individual Defendants.

38. Individual Defendants agreed in the Guaranty to be unconditionally liable for, and to pay and perform when due, all obligations under EFA 2628197.

39. Individual Defendants breached the Guaranty by failing to make payments pursuant to EFA 2628197.

40. Default has occurred in the repayment by Full Speed Auto, the maturity of which has been accelerated, and the full amount of the Indebtedness is accordingly due and payable immediately.

41. In the Demand Letter, Ascentium made demand for payment of $140,456.52, plus accruing interest and charges.

42. Despite such written demand, Individual Defendants have failed to pay Ascentium the full amount of the Indebtedness in accordance with its obligations under EFA 2628197.

43. Individual Defendants are in default in the performance of, and have breached, their contractual obligations under the Guaranty.

**WHEREFORE**, Ascentium demands judgment against the Individual Defendants for the full amount of the Indebtedness, as well as such other, further and different relief to which Ascentium may be entitled and is just and proper in this action.

## COUNT III – ACCOUNT STATED
## (AGAINST ALL DEFENDANTS; INDEBTEDNESS)

44. Ascentium adopts and incorporates all preceding paragraphs as if fully set forth herein.

45. Ascentium and Defendants entered into EFA 2628197 whereby Full Speed Auto, as the debtor, and Ascentium, as the creditor, agreed to certain provisions regarding the financing by Full Speed Auto of the Collateral.

46. Full Speed Auto agreed to make payments to Ascentium in EFA 2628197, and under the Guaranty, the Individual Defendants agreed to be unconditionally liable for such payments.

47. The Defendants breached EFA 2628197 by failing to make the required payments.

48. By the Demand Letter, Ascentium notified Defendants of the default and resulting acceleration of obligations under EFA 2628197.

49. Upon information and belief, Defendants received the Demand Letter.

50. Defendants have had an opportunity to review the Demand Letter and raise any objections regarding the accuracy of the information contained therein, including, among other things, the amount stated as due.

51. The Defendants have not objected to the amounts set forth in the Demand Letter.

52. Despite demand, Defendants have failed to pay the total amount due as set forth in the Demand Letter. Defendants, jointly and severally, owe said amount to Ascentium on account stated.

**WHEREFORE**, Ascentium demands judgment against Defendants for the full amount of the Indebtedness, as well as such other, further and different relief to which Ascentium may be entitled and is just and proper in this action.

### COUNT IV – BREACH OF CONTRACT
### (AGAINST FULL SPEED AUTO; TITLING PENALTIES)

53. Ascentium adopts and incorporates all preceding paragraphs as if fully set forth herein.

54. The Titling Addendum to EFA 2628197 is a contract between Ascentium and Full Speed Auto.

55. Full Speed Auto agreed to deliver the Original Certificate of Title to Ascentium no later than 75 days from the Commencement Date of EFA 2628197.

56. Full Speed Auto breached the Titling Addendum by failing to deliver the Original Certificate of Title within the allotted time provided for by the Titling Addendum.

57. Under the Titling Addendum, failure to deliver the Original Certificate of Title as required by the Titling Addendum shall be deemed a default under EFA 2628197.

58. Full Speed Auto is in default in the performance of, and has breached, its contractual obligations under the Titling Addendum.

59. The Titling Addendum provides for Titling Penalties in the amount of $750 per month per vehicle.

**WHEREFORE**, Ascentium demands judgment against Full Speed Auto for the Titling Penalties, as well as such other, further and different relief to which Ascentium may be entitled and is just and proper in this action.

### COUNT V – BREACH OF CONTRACT
### (AGAINST INDIVIDUAL DEFENDANTS; TITLING PENALTIES)

60. Ascentium adopts and incorporates all preceding paragraphs as if fully set forth herein.

61. The Guaranty is a contract between Ascentium and Individual Defendants.

62. Individual Defendants agreed in the Guaranty to be unconditionally liable for performance of all obligations of Full Speed Auto under EFA 2628197 and related documents executed by Full Speed Auto, including the Titling Addendum.

63. Individual Defendants breached the Guaranty by failing to provide the Original Certificate of Title to Ascentium within the allotted time provided for by the Titling Addendum.

64. Individual Defendants are in default in the performance of, and have breached, their contractual obligations under the Guaranty.

65. The Titling Addendum provides for Titling Penalties in the amount of $750 per month per vehicle.

**WHEREFORE**, Ascentium demands judgment against Individual Defendants for the Titling Penalties, as well as such other, further and different relief to which Ascentium may be entitled and is just and proper in this action.

## COUNT VI – REPLEVIN
### (AGAINST ALL DEFENDANTS)

66. Ascentium adopts and incorporates all preceding paragraphs as if fully set forth herein.

67. Pursuant to the terms of EFA 2628197, Full Speed Auto granted Ascentium a security interest in the Collateral.

68. Individual Defendants agreed in the Guaranty to be unconditionally liable for performance of all obligations of Full Speed Auto under EFA 2628197.

69. Under EFA 2628197, in the event of default, Full Speed Auto agreed that Ascentium may "take possession of the Collateral and require [Full Speed Auto] to deliver it to [Ascentium] at [Full Speed Auto's] expense to a location designated by [Ascentium]."

70. By the Demand Letter, Ascentium notified Defendants of the default and demanded surrender of the Collateral and its proceeds.

71. Defendants have failed to surrender the Collateral and any proceeds to Ascentium.

72. Upon information and belief, Defendants remain in possession of the Collateral.

**WHEREFORE**, Ascentium demands return of the Collateral, as well as such other, further and different relief to which Ascentium may be entitled and is just and proper in this action.

## **PRAYER FOR RELIEF**

Wherefore, Ascentium prays that the Court enter judgment and relief as follows:

a. Awarding Ascentium $140,456.52, plus accruing interest and charges, for the Indebtedness;

b. Awarding Ascentium $9,000, plus accruing interest and charges, for the Titling Penalties;

c. Return of the Collateral as defined in EFA 2628197 and any proceeds;

d. Awarding Plaintiff attorneys' fees, costs, and expenses incurred by Ascentium in enforcing EFA 2628197 and its related agreements, including the Titling Addendum;

e. Other, further, and different relief to which Ascentium may be entitled and is just and proper in this action.

Dated: December 13, 2022

*/s/ Margaret M. Siller*
Margaret M. Siller
MAYNARD COOPER & GALE, P.C.
1201 Villa Place, Suite 103
Nashville, TN 37212
T: 629.258.2253
F: 629.258.2251
msiller@maynardcooper.com

*Counsel for Ascentium Capital LLC*